IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAN RIBIYOU KABUSHIKIGAISHA,<br><br>                Plaintiff,<br><br>   vs.<br><br>AGU RAMEN, LLC; HISASHI TEDDY UEHARA; AGU ISENBERG, LLC,<br><br>              Defendants. | CIV. NO. 19-00379 JMS-KJM<br><br><br>ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER; TEMPORARY RESTRAINING ORDER |

## ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER; TEMPORARY RESTRAINING ORDER

Before the court is Plaintiff HANNAN RIBIYOU

KABUSHIKIGAISHA's ("Plaintiff") Ex Parte Motion for Temporary Restraining

Order ("Motion"). For the following reasons, the Motion is GRANTED.

## I. BACKGROUND

**A.     Factual Background**

Plaintiff is 90% owner of AGUPlus, with the remaining 10% owned

by Defendant AGU RAMEN, LLC ("Agu Ramen"). Defendant Hisashi Teddy

Uehara is Agu Ramen's sole member and manager. AGUPlus operated six Agu

Ramen restaurants in Hawaii, all located on Oahu.

Effective July 28, 2016, Plaintiff and Uehara (on behalf of Agu Ramen) executed an "AGUPlus LLC Second Amended and Restated Operating Agreement" ("Operating Agreement").[1]  Pursuant to Article 4.1, the following matters, among others, required the unanimous vote of both Plaintiff and Agu Ramen: the dissolution of AGUPlus; the merger or consolidation of AGUPlus with any other organization; the participation in business entities with any individual or other business entity, or the creation of any subsidiary, affiliated organization, or other legal entity; the approval of AGUPlus's engagement in any new restaurant or branch; the filing of bankruptcy; and any financing extended to AGUPlus in excess of $50,000.

In late 2018, AGUPlus began to experience financial distress.  As a result, Plaintiff invested an additional $1,401,820 into AGUPlus, with that investment increasing Plaintiff's ownership to 90%.  This infusion of cash, however, was insufficient.  For example, at some point in 2019 AGUPlus employees were not paid, and AGUPlus received notices of default for three of the Oahu restaurants in early to mid June, 2019.

On June 22, 2019, AGU ISENBERG LLC ("Agu Isenberg") was registered with the State of Hawaii Department of Commerce and Consumer

---

[1] At the time this Operating Agreement was executed, Plaintiff owned 60% of AGUPlus and Agu Ramen owned 40%.

Affairs Business Registration Division ("DCCA"), with its manager listed as Grant K. Kidani, Esq.  In a June 26, 2019 email to various individuals, Uehara wrote that "AGU Isenberg is proceeding onward with a new commitment by new investors that support all of you; thank you for your continued patience and commitment as we move forward.  Your support is appreciated!"

The next day, Uehara sent an email to Chris Young of Automatic Data Processing stating that effective July 1, 2019, AGU Isenberg is under a "new owner," that payroll should be under a different company from AGUPlus, and that "[w]e need to change account."  Then, in a July 1, 2019 email, with the subject line "bank account," Uehara wrote "[n]ew bank account number at FHB, with the account number listed (but redacted in the copy submitted to the court)."

On July 8, 2019, in response to Plaintiff's July 5, 2019 cease and desist letter, Uehara stated that his actions were "taken in the best interest of AGU" and that, "[j]ust to clarify, though Isenberg may be under a different entity, I consider it AGU property."

Plaintiff has not authorized the creation of AGU Isenberg or the transfer of ownership of the AGUPlus Isenberg restaurant to AGU Isenberg.

///

///

///

**B.     Procedural History**

Plaintiff filed its complaint and Motion on July 12, 2019.[2]  The

complaint alleges the following:  Breach of Fiduciary Duty (Count 1 as to

Defendants Agu Ramen and Uehara); Expulsion of Member Pursuant to Hawaii

Revised Statutes § 428 (Count 2 as to Defendant Agu Ramen); Breach of Contract:

Operating Agreement (Count 3 as to Defendants Agu Ramen and Uehara);

Tortious Interference with Contractual Relations (Count 4 as to Defendant Agu

Isenberg); Intentional Misrepresentation/Nondisclosure (Count 5 as to Defendants

Agu Ramen and Uehara); Fraud and Fraudulent Transfer (Count 6 as to

Defendants Agu Ramen and Uehara); Constructive Fraud (Count 7 as to

Defendants Agu Ramen and Uehara); Civil Conspiracy (Count 8 as to all

Defendants); Unjust Enrichment (Count 9 as to all Defendants); Accounting

(Count 10 as to all Defendants); and Injunctive Relief (Count 11 as to all

Defendants).

On July 14, 2019, the court required Plaintiff to file a supplemental

statement clarifying whether Plaintiff has met the requirements of Federal Rule of

---

[2] Federal subject-matter jurisdiction is based on diversity of citizenship, 28 U.S.C.
§ 1332(a)(2), which provides for original jurisdiction for actions between citizens of a State and
citizens or subjects of a foreign state.  According to the Complaint, (1) Plaintiff is a citizen of
Japan, as a foreign corporation organized under the laws of Japan with its principal place of
business in Japan, and (2) Defendants are citizens of Texas and/or Hawaii—Defendant Uehara is
a citizen of Texas, Compl. ¶ 2; Defendant Agu Ramen, LLC's sole member is Uehara, *id.* ¶ 64;
and Defendant Agu Isenberg, LLC's sole member is Grant K. Kidani, a citizen of Hawaii, *id.* ¶ 4.
More than $75,000 is obviously in controversy.

Civil Procedure 65(b)(1) for the issuance of a TRO without notice to Defendants. Plaintiff responded that Defendants were notified, and the court then held a hearing on July 15, 2019, with counsel for Plaintiff and Defendants.

## II. <u>STANDARD OF REVIEW</u>

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002) (citation omitted); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction is an "extraordinary and drastic remedy" never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). "To warrant a preliminary injunction, [Plaintiff] must demonstrate that [he] meets all four of the elements of the preliminary injunction test established in [*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)]." *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011). To meet the *Winter* elements, "a plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *BOKF, NA v. Estes*, 923 F.3d 558, 561-62 (9th Cir. 2019)

(citation and quotation marks omitted). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Preliminary injunctive relief should always be denied, however, if the probability of success on the merits is low. *See Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (stating that "even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits") (citation omitted).

### III. <u>ANALYSIS</u>

Plaintiff has met its burden as to all four *Winter* elements, and the court addresses each in turn.

For purposes of this Motion, Plaintiff has established that: 1) Uehara caused a new entity, AGU Isenberg, to be formed without the required consent of Plaintiff under the Operating Agreement; 2) Uehara caused a new bank account to be opened for AGU Isenberg; and 3) Uehara intends to operate AGU Isenberg as a restaurant separate from AGUPlus. That is, the fair inference from the evidence

presented is that, without Plaintiff's knowledge or permission, Uehara has taken control of the AGUPlus Isenberg restaurant for his own financial interest. These actions were taken without the approval of Plaintiff as required by the Operating Agreement, and are inconsistent with the rights of a 10% interest member. These facts thus establish a likelihood of success on Plaintiff's claims of breach of fiduciary agreement, unjust enrichment, and fraud.

During the July 15, 2019 hearing on the Motion, counsel for Defendants proffered a December 31, 2018 "Capital Infusion Agreement" in which Plaintiff agreed to invest an additional $1,401,820 in AGUPlus in return for obtaining a 90% ownership interest ("Agreement"). The Agreement also states that the parties "release each other from any and all claims, past, present, and future" and that all unresolved matters must be submitted to arbitration.

Defendants argue that the present lawsuit is barred by the Agreement's release provision, and that, in any event, all disputes must be resolved by arbitration. The court disagrees. For the purposes of this Motion, the court determines that the release of any claims in the future must be tethered to claims involving the Agreement, not a future event unrelated to the Agreement. And the same appears to apply to the arbitration agreement—claims relating to the Agreement, not unknown and unrelated claims, are subject to arbitration. In short, the Agreement provides Defendants with no relief.

Plaintiff has also established that the transfer of the AGUPlus Isenberg restaurant to AGU Isenberg is likely to cause irreparable damage to Plaintiff. Should AGU Isengerg not be enjoined as requested by Plaintiff, Plaintiff would lose the right to carry on its lawful business pursuant to the terms of the Operating Agreement and would almost certainly lose goodwill. In particular, because AGUPlus is facing serious financial difficulties and is being investigated by the Hawaii Department of Labor, the hijacking of its business would cause irreparable harm to Plaintiff.

For the same reasons, the court concludes that the balance of equities favors granting the Motion, and doing so is in the public interest. Again, absent taking action, Defendants would be permitted to hijack Plaintiff's legitimate business, contrary to the Operating Agreement, without consequence.

## TEMPORARY RESTRAINING ORDER

Based on the foregoing, Plaintiff's Ex Parte Motion for Temporary Restraining Order is GRANTED.

It is thus ORDERED that Defendants AGU Ramen, LLC, Hisashi Teddy Uehara, AGU Isenberg, LLC and anyone acting by, through or in active concert with them, are hereby restrained and enjoined from:

1. Taking any actions to transfer the operations and/or assets of the AGUPlus, LLC restaurant located at 925 Isenberg Street, Honolulu, Hawaii 96826

(the "Isenberg Restaurant") to Agu Isenberg, LLC without Plaintiff's authorization or consent;

2.  Taking any actions to transfer or sell the operations and/or assets of AGUPlus, LLC without Plaintiff's authorization or consent;

3.  Depositing the revenues from the operation of the Isenberg Restaurant, and any of the other AGUPlus restaurant locations, in bank accounts that are not in the name of and/or in control of AGUPlus, LLC;

4.  Closing any of the AGUPlus, LLC's restaurant locations without Plaintiff's authorization or consent;

5.  Executing or amending any agreements that are material to AGUPlus, LLC's business, including leases for any of its restaurant locations and/or supply agreements, or engaging in negotiations with third parties to amend such agreements without Plaintiff's authorization or consent; and

6.  Borrowing additional funds under existing loans, obtaining new loans from lenders on behalf of AGUPlus, LLC or its subsidiary, encumbering or securing any new or existing loans by granting security interests in assets of AGUPlus, LLC without Plaintiff's authorization or consent.

///

///

///

This temporary restraining order shall take effect on July 15, 2019, at 5:00 p.m., and, by agreement of the parties, shall remain in effect until the court has received full briefing and rules on the pending Motion for Preliminary Injunction.

DATED:  Honolulu, Hawaii, July 15, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Hannan Ribiyou Kabushikigaisha v. AGU Ramen, LLC, et al.*, Civ. No. 19-00379 JMS-KJM,
Order Granting Ex Parte Motion for Temporary Restraining Order; Temporary Restraining Order

10