IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAN RIBIYOU KABUKSHIKIGAISHA,<br><br>    Plaintiff,<br><br>vs.<br><br>AGU RAMEN, LLC; HISASHI TEDDY UEHARA; and AGU ISENBERG, LLC,<br><br>    Defendants. | CIVIL NO. 19-00379 JMS-KJM<br><br>ORDER GRANTING PLAINTIFF HANNAN RIBIYOU KABUSHIKIGAISHA'S MOTION FOR A PRELIMINARY INJUNCTION |

ORDER GRANTING PLAINTIFF HANNAN
RIBIYOU KABUSHIKIGAISHA'S
MOTION FOR A PRELIMINARY INJUNCTION

On July 12, 2019, Plaintiff Hannan Ribiyou Kabushikigaisha ("Plaintiff") filed a Motion for a Preliminary Injunction ("Motion"). ECF No. 4. On July 22, 2019, Defendants Agu Ramen, LLC, Hisashi Teddy Uehara, and Agu Isenberg, LLC (collectively, "Defendants") filed their Memorandum in Opposition to the Motion ("Opposition"). ECF No. 25. On July 26, 2019, Plaintiff filed its Reply. ECF No. 26.

On August 14, 2019, the parties consented to having this Court decide the Motion. *See* ECF No. 35. With the parties' agreement, the Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice

for the United States District Court for the District of Hawaii. After carefully considering the memoranda, arguments, and the record in this case, the Court GRANTS the Motion for Receiver for the reasons set forth below.

BACKGROUND

On July 12, 2019, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order ("TRO Motion"). ECF No. 4. On July 15, 2019, the district court issued an order granting the TRO Motion and a temporary restraining order ("07/15/2019 Order"). ECF No. 16. The instant Motion is based on the same facts and arguments as the TRO Motion.[1] The Court thus recites the following facts from the district court's 07/15/2019 Order and includes additional facts as necessary to decide the Motion.

A.   Factual Background

Plaintiff is 90% owner of AGUPlus, LLC ("AGUPlus"), with the remaining 10% owned by Defendant Agu Ramen, LLC ("Agu Ramen"). Defendant Hisashi Teddy Uehara ("Defendant Uehara") is Agu Ramen's sole member and manager. AGUPlus operated six Agu Ramen restaurants in Hawaii, all located on Oahu. AGUPlus is not a party to this lawsuit.

---

[1] Although the court has addressed the TRO Motion and instant Motion as separate motions, Plaintiff filed its requests for a temporary restraining order and a preliminary injunction in a single, consolidated motion. *See* ECF No. 4.

Effective July 28, 2016, Plaintiff and Defendant Uehara (on behalf of Agu Ramen) executed an "AGUPlus LLC Second Amended and Restated Operating Agreement" ("Operating Agreement").[2] Pursuant to Article 4.1, the following matters, among others, required the unanimous vote of both Plaintiff and Agu Ramen: the dissolution of AGUPlus; the merger or consolidation of AGUPlus with any other organization; the participation in other business entities or the creation of other business entities, or the creation of any subsidiary, affiliated organization, or other legal entity; the approval of AGUPlus' engagement in any new restaurant or branch; the filing of bankruptcy; and any financing extended to AGUPlus in excess of $50,000.

In late 2018, AGUPlus began to experience financial distress. As a result, Plaintiff and AGUPlus executed a Capital Infusion Agreement, whereby Plaintiff invested an additional $1,401,820 into AGUPlus, with that investment increasing Plaintiff's ownership interest to 90%. This infusion of cash, however, was insufficient. For example, Plaintiff recently learned that AGUPlus had not paid its employees and is under investigation by the Hawaii Department of Labor. AGUPlus had also received notices of default for three of the Oahu restaurants in early- to mid-June 2019.

---

[2] At the time the parties executed the Operating Agreement, Plaintiff owned 60% of AGUPlus and Agu Ramen owned the remaining 40%.

On June 22, 2019, Defendant Agu Isenberg, LLC ("Agu Isenberg") registered with the State of Hawaii's Department of Commerce and Consumer Affairs, with its manager listed as Grant K. Kidani, Esq.  In a June 26, 2019 email to various individuals, Defendant Uehara wrote that "AGU Isenberg is proceeding onward with a new commitment by new investors that support all of you; thank you for your continued patience and commitment as we move forward.  Your support is appreciated!"

The next day, on June 23, 2019, Defendant Uehara sent an email to Chris Young of Automatic Data Processing stating that, effective July 1, 2019, Agu Isenberg is under a "new owner," that payroll should be under a different company from AGUPlus, and that "[w]e need to change account."  Subsequently, in a July 1, 2019 email, with the subject line, "bank account," Defendant Uehara wrote:  "New bank account number at FHB, with the account number listed (but redacted in the copy submitted to the court)."

On July 8, 2019, in response to Plaintiff's July 5, 2019 cease and desist letter, Defendant Uehara stated that his actions were "taken in the best interest of AGU" and that, "[j]ust to clarify, though Isenberg may be under a different entity, I consider it AGU property."  Plaintiff contends that it did not authorize the creation of Agu Isenberg or the transfer of ownership of the AGUPlus Isenberg Street restaurant location ("Isenberg Location") to Agu Isenberg.

4

B.  Procedural Background

On July 12, 2019, Plaintiff filed its Complaint against Defendants based on diversity jurisdiction under 28 U.S.C. § 1332. The Complaint asserts claims against Defendants for their alleged improper handling of AGUPlus' assets and operations. Specifically, the Complaint asserts the following claims against Agu Ramen and Defendant Uehara: (1) Count I – Breach of Fiduciary Duty; (2) Count III – Breach of Contract: Operating Agreement; (3): Count V – Intentional Misrepresentation/Nondisclosure; (4) Count VI – Fraud and Fraudulent Transfer; and (5) Count VII – Constructive Fraud. The Complaint asserts the following claims against all Defendants: (1) Count VIII – Civil Conspiracy; (2) Count IX – Unjust Enrichment; and (3) Count XI – Injunctive Relief.[3]

In addition, Count II of the Complaint asserts a claim against Agu Ramen for Expulsion of Member Pursuant to Hawaii Revised Statutes ("HRS") § 428-409. Count IV of the Complaint asserts a claim against Agu Isenberg for Tortious Interference with Contractual Relations. Plaintiff prays for relief in the form of monetary damages, declaratory relief, and injunctive relief.

On July 15, 2019, the district court issued its 07/15/2019 Order, which enjoins Defendants from: (1) taking actions to transfer the operations and/or assets

---

[3] On September 17, 2019, this Court dismissed without prejudice Count X of the Complaint, which asserted a claim for accounting against all Defendants. *See* ECF No. 49 at 15-16.

of AGUPlus' Isenberg Location to Agu Isenberg without Plaintiff's consent; (2) taking any actions to transfer or sell the operations and/or assets of AGUPlus without Plaintiff's consent; (3) depositing the revenues from the operation of the Isenberg Location, and any of the other AGUPlus restaurant locations, in bank accounts that are not in the name of and/or in control of AGUPlus; (4) closing any of AGUPlus' restaurant locations without Plaintiff's consent; (5) executing or amending any agreements that are material to AGUPlus' business, including any leases for any of its restaurant locations and/or supply agreements, or engaging in negotiations with third-parties to amend such agreements without Plaintiff's consent; and (6) borrowing additional funds under existing loans, obtaining new loans from lenders on behalf of AGUPlus or its subsidiary, encumbering or securing any new or existing loans by granting security interests in assets of AGUPlus without Plaintiff's consent. *See* ECF No. 16 at 8-9. The Motion seeks a preliminary injunction enjoining Defendants from the same foregoing actions.

On October 2, 2019, this Court held a status conference regarding the Motion ("10/02/2019 Status Conference"), where the parties' counsel indicated that, for purposes of the Motion, there has been no change in circumstances since the district court issued its 07/15/2019 Order.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"). "The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined." *Jones v. Shinn*, Civil No. 14-00231 LEK/BMK, 2014 WL 2468481, at *1 (D. Haw. June 2, 2014) (citing *Univ. of Tex. V. Camenisch*, 451 U.S. 390, 395 (1981)).

"To warrant a preliminary injunction, [the plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test established in [*Winter*.]" *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011). Under *Winter*, a plaintiff seeking a preliminary injunction must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Toyo Tire Holdings of Ams.*

*Inc. v. Con'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 7).

"[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Preliminary injunctive relief should always be denied, however, if the probability of success on the merits is low. *See Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (stating that "even if the balance of the hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits" (citation omitted)).

## DISCUSSION

As set forth above, Plaintiff's request for a preliminary injunction is based on the same arguments and evidence that Plaintiff submitted in its TRO Motion. For the same reasons the district court articulated in its 07/15/2019 Order, this Court finds that Plaintiff has established all four *Winter* factors for a preliminary injunction.

First, Plaintiff has demonstrated that it is likely to succeed on the merits. Plaintiff's Motion establishes that Defendant Uehara caused the formation of Agu Isenberg with the intent to operate it as a restaurant separate from AGUPlus, LLC's restaurants. Defendant Uehara also created a separate bank account for AGUPlus, LLC's Isenberg Location. Moreover, Defendant Uehara indicated to third-parties that the Isenberg Location's payroll should not be under the same account as AGUPlus, LLC's. As the district court found in its 07/15/2019 Order, "the fair inference from the evidence presented is that, without Plaintiff's knowledge or permission, [Defendant] Uehara has taken control of the [Isenberg Location] for his own financial interest." ECF No. 16 at 7. Defendant Uehara's actions were without Plaintiff's approval, as required under the Operating Agreement, and inconsistent with the rights of a 10% interest member. *See id.* The Court thus finds that Plaintiff has established a likelihood of success on its claims for breach of fiduciary duty, breach of contract, unjust enrichment, and fraud.

Second, Plaintiff has demonstrated that it is likely to suffer irreparable harm in the absence of a preliminary injunction that precludes transfer of the Isenberg Location (and the assets thereto) to Agu Isenberg. This Court agrees with the district court's assessment of the potential irreparable harm to Plaintiff absent preliminary relief:

> Should AGU Isenberg not be enjoined as requested by Plaintiff, Plaintiff would lose the right to carry on its lawful business pursuant to the terms of the Operating Agreement and would almost certainly lose goodwill. In particular, because AGUPlus is facing serious financial difficulties and is being investigated by the Hawaii Department of Labor, the hijacking of its business would cause irreparable harm to Plaintiff.

ECF No. 16 at 8.

Third, the Court finds that the balance of the equities tip in favor of Plaintiff. "[A] court weighing the balance of the equities 'must identify the possible harm caused by the preliminary injunction against the possibility of harm caused by not issuing it.'" *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, Civil No. 12-00064 LEK-KSC, 2012 WL 381209, at *7 (D. Haw. Feb. 3, 2012) (quoting *Univ. of Haw. Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1108 (9th Cir. 1999)). As set forth above, Plaintiff is likely to suffer irreparable harm without a preliminary injunction in place. By contrast, Defendants are not likely to suffer harm from a preliminary injunction that mirrors the existing temporary restraining order, as it would simply require the parties to conduct themselves in accordance with the Operating Agreement and preserve AGUPlus, LLC's ownership interest in the Isenberg Location. Accordingly, the balance of the equities tips in favor of Plaintiff.

Fourth, for the same reasons the Court finds that the irreparable harm factor and the balancing of the equities factor weigh in favor of granting the Motion, the

Court finds that granting the Motion is in the public interest. "Again, absent taking action, Defendants would be permitted to hijack Plaintiff's legitimate business, contrary to the Operating Agreement, without consequence." ECF No. 16 at 8.

After carefully considering the four *Winter* factors, the Court finds that a preliminary injunction is appropriate under the circumstances. The Court thus grants the Motion.

Defendants' Opposition argues, among other things, that the Capital Infusion Agreement constitutes a valid and enforceable settlement agreement between Plaintiff and AGUPlus, and thus Plaintiff's claims in this case are barred, ECF No. 25 at 22-24. For the same reasons the district court articulated in its 07/15/2019 Order, the Court finds that the Capital Infusion Agreement provides no relief to Defendants for purposes of the Motion. Defendants' remaining arguments fail to persuade the Court that Plaintiff has not established grounds for a preliminary injunction.

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for a Preliminary Injunction (ECF No. 4). Defendants are enjoined from engaging in the same conduct set forth in the district court's July 15, 2019 Temporary Restraining Order. *See* ECF No. 16 at 8-10. Specifically, Defendants Agu Ramen, LLC,

Hisashi Teddy Uehara, Agu Isenberg, LLC, and anyone acting by, through, or in active concert with them, are hereby restrained and enjoined from:

    1.    Taking actions to transfer the operations and/or assets of the AGUPlus, LLC restaurant located at 925 Isenberg Street, Honolulu, Hawaii 96826 (the "Isenberg Location") to Agu Isenberg, LLC without Plaintiff's authorization or consent;

    2.    Taking any actions to transfer or sell the operations and/or assets of AGUPlus, LLC without Plaintiff's authorization or consent;

    3.    Depositing the revenues from the operation of the Isenberg Location, and any of the other AGUPlus, LLC restaurant locations, in bank accounts that are not in the name and/or control of AGUPlus, LLC;

    4.    Closing any of AGUPlus, LLC's restaurant locations without Plaintiff's authorization or consent;

    5.    Executing or amending any agreements that are material to AGUPlus, LLC's business, including leases for any of its restaurant locations and/or supply agreements, or engaging in negotiations with third parties to amend such agreement without Plaintiff's authorization or consent; and

    6.    Borrowing additional funds under existing loans, obtaining new loans from lenders on behalf of AGUPlus, LLC or its subsidiary, encumbering or

securing any new or existing loans by granting security interests in assets of AGUPlus, LLC without Plaintiff's authorization or consent.

This preliminary injunction shall take effect upon entry of this Order and shall remain in effect until the entry of judgment in this matter or by order of the Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*Hannan Ribiyou Kabushikigaisha v. Agu Ramen, LLC, et al.*, Civil No. 19-00379 JMS-KJM: Order Granting Plaintiff's Motion for a Preliminary Injunction