IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAN RIBIYOU KABUKSHIKIGAISHA, ) ) ) Plaintiff, ) ) vs. ) ) AGU RAMEN, LLC, et al., ) ) Defendants. ) _____ ) | CIVIL NO. 19-00379 JMS-KJM FINDINGS AND RECOMMENDATION TO DENY DEFENDANT AGU RAMEN, LLC'S MOTION TO COMPEL ARBITRATION |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT AGU RAMEN, LLC'S MOTION TO COMPEL ARBITRATION

On August 24, 2020, Defendant Agu Ramen, LLC ("Defendant Agu Ramen") filed a Motion to Compel Arbitration ("Motion"). ECF No. 119. On September 7, 2020, Plaintiff Hannan Ribiyou Kabushikigaisha ("Plaintiff") filed its Memorandum in Opposition to the Motion ("Opposition"). ECF No. 122. On September 15, 2020, Defendant Agu Ramen filed its Reply.[1] ECF No. 135.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the memoranda, arguments, and

---

[1] The Reply indicates that it was also filed on behalf of Defendant Agu Express, LLC ("Agu Express"). Agu Express, however, did not jointly file the Motion with Defendant Agu Ramen. The Court thus does not consider the Motion as a request for relief by Agu Express.

the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for the reasons set forth below.

## BACKGROUND

This action arises out of a dispute among the members and manager of AGUPlus, LLC ("AGUPlus") and others regarding a ramen restaurant chain. On July 15, 2019, the district court issued an order granting Plaintiff's request for a temporary restraining order ("07/15/2019 Order"). ECF No. 16. On October 31, 2020, this Court issued an order granting Plaintiff's request for a preliminary injunction ("10/31/2019 Order"). ECF No. 68. The Court and the parties are familiar with the facts of this case, which are set forth in detail in the 07/15/2019 Order and the 10/31/2019 Order. The Court thus discusses the pertinent background facts in those Orders and provides additional relevant details as necessary to decide the Motion.

I.    Factual Background

Plaintiff is 90% owner of AGUPlus, LLC ("AGUPlus"), with the remaining 10% owned by Defendant Agu Ramen. Hisashi Teddy Uehara ("Mr. Uehara") was Agu Ramen's sole member and manager. AGUPlus operated six AGU Ramen restaurants in Hawaii, all located on Oahu. Effective July 28, 2016, Plaintiff and

2

Mr. Uehara (on behalf of Defendant Agu Ramen) executed an "AGUPlus LLC Second Amended and Restated Operating Agreement" ("Operating Agreement").[2]

In late 2018, AGUPlus began to experience financial distress. As a result, Plaintiff and AGUPlus executed a Capital Infusion Agreement, whereby Plaintiff invested an additional $1,401,820 into AGUPlus, with that investment increasing Plaintiff's ownership interest from the initial 60% to 90%. The Capital Infusion Agreement provides that the parties thereto agree to submit "all disputes and or unresolved matters" to binding arbitration. ECF No. 119 at 6. Plaintiff alleges that, despite its infusion of cash, AGUPlus continued to experience financial distress and operating difficulties due to alleged mismanagement by Mr. Uehara.

Plaintiff alleges that, in 2018, Mr. Uehara and Defendant Grant K. Kidani ("Defendant Kidani") conspired together to misappropriate AGUPlus' assets and intellectual property to open competing restaurants in Korea and California. Mr. Uehara and Defendant Kidani also allegedly arranged for Defendant Angel Capital, Inc. ("Defendant Angel Capital"), to acquire rights to the AGU Ramen brand without Plaintiff's knowledge or consent. Plaintiffs allege that Defendant Kidani is the president, secretary, and director of Defendant Angel Capital.

---

[2] At the time the parties executed the Operating Agreement, Plaintiff owned 60% of AGUPlus and Agu Ramen owned the remaining 40%.

3

Plaintiff also alleges that Mr. Uehara and Defendant Kidani attempted to take over one of the AGU Ramen locations on Oahu through Defendant Agu Isenberg, LLC ("Defendant Agu Isenberg"). In addition, Defendant Kidani allegedly incorporated Defendant AGU Express, Inc. ("Defendant Agu Express") in Texas and Defendant AGU Ramen Cupertino LLC ("Defendant Agu Cupertino") in California to open additional AGU Ramen locations in those states. Plaintiff alleges that Mr. Uehara and Defendant Kidani took the foregoing actions without Plaintiff's knowledge or consent.

II. Procedural Background

On July 12, 2019, Plaintiff filed its original Complaint. ECF No. 1. On September 19, 2019, Defendants Agu Ramen, Paul A. Romano, as Dependent Administrator of the Estate of Mr. Uehara ("Defendant Romano"),[3] and Agu Isenberg filed their Counterclaim against Plaintiff. ECF No. 52-1. On November 18, 2019, Plaintiff filed its First Amended Complaint against Defendants Agu Ramen, Romano, Kidani, Agu Isenberg, Agu Express, Agu

---

[3] Plaintiff's original Complaint and First Amended Complaint initially named Mr. Uehara as a defendant. On June 18, 2020, Plaintiff filed a Motion to Substitute Paul A. Romano for Defendant Hisashi Teddy Uehara, Deceased, and to Amend Caption, which formally informed the Court and the parties that Mr. Uehara passed away ("Motion to Substitute"). On July 13, 2020, the Court issued an Entering Order granting the Motion to Substitute, pursuant to which Defendant Romano substituted Mr. Uehara as a defendant and counterclaimant in this case. ECF No. 103.

4

Cupertino, and Angel Capital (collectively, "Defendants"). ECF No. 73. The First Amended Complaint also names AGUPlus as a nominal defendant.

On December 4, 2019, the district court issued an entering order, staying the case in light of AGUPlus' Chapter 11 bankruptcy filing on November 29, 2019. ECF No. 88. On May 28, 2020, the district court lifted the stay. ECF No. 94. On August 14, 2020, Defendant Agu Ramen filed its Answer to the First Amended Complaint. ECF No. 111.

On August 24, 2020, Defendant Agu Ramen's counsel sent an email to Plaintiff's counsel, demanding arbitration of all claims asserted in this case pursuant to the Capital Infusion Agreement. ECF No. 119 at 9. That same day, Defendant Agu Ramen filed the instant Motion.

## DISCUSSION

The Capital Infusion Agreement provides that the parties thereto agree to submit "all disputes and or unresolved matters" to binding arbitration:

> The parties stipulate that all disputes and or unresolved matters shall be submitted to binding arbitration within 90 days of impasse of the dispute; otherwise the Parties waive any claims thereafter. The Parties agree that if there is a dispute and if not submitted to binding arbitration within 90 days of impasse then there is a bar to any claims which cannot be brought thereafter. This shall be governed by Texas law.

ECF No. 119 at 6. The Motion argues that, pursuant to the foregoing language, all claims asserted in this case are subject to binding arbitration.

5

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." 9 U.S.C. § 2. A district court considering a motion to compel must determine (1) whether a valid agreement to arbitrate exists and, if so, (2) whether that agreement encompasses the dispute. *See Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th Cir. 2018). The party seeking to compel arbitration bears the initial burden of establishing that an agreement to arbitrate exists between the parties. *See In re 24R, Inc.*, 324 S.W.3d 546, 566 (Tex. 2010) (citation omitted) (per curiam); *see also Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (noting that state contract law controls whether the parties agreed to arbitrate and, citing California law, stating that the party seeking to compel arbitration bears burden of proving existence of agreement to arbitrate).

The Motion asserts that the Capital Infusion Agreement "provides for dispute resolution as among [Plaintiff, AGUPlus, and Defendant Agu Ramen] by final and binding arbitration." ECF No. 119 at 13. The parties' arguments focus on whether the scope of the arbitration provision in the Capital Infusion Agreement encompasses the claims in this case. The Court notes, however, that the parties do not address the foundational question of whether a valid agreement to arbitrate exists between the parties.

6

"Under the FAA, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate." *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011) (citations omitted); *but see In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (recognizing that the "FAA does not specify whether state or federal law governs" whether non-signatories are bound by an arbitration agreement, but nevertheless applying state law "and endeavor[ing] to keep it consistent with federal law"). The arbitration provision of the Capital Infusion Agreement plainly and clearly states that it "shall be governed by Texas law." ECF No. 119 at 6. Thus, the Court applies Texas law to determine whether there is a valid agreement to arbitrate that Defendant Agu Ramen can enforce, despite its apparent status as a non-signatory to the Capital Infusion Agreement. *See In re Rubiola*, 334 S.W.3d at 24 ("Whether a non-signatory can compel arbitration pursuant to an arbitration clause questions the existence of a valid arbitration clause between specific parties and is therefore a gateway matter for the court to decide.").

Under Texas law, as "a general rule, 'an arbitration clause cannot be invoked by a non-party to the arbitration contract.'" *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015) (quoting *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 532 (5th Cir. 2000)); *see also In re Rubiola*, 334 S.W.3d at 224 ("Generally, . . . parties must sign arbitration agreements before

7

being bound by them." (citing *Grigson*, 210 F.3d at 528)). The Capital Infusion Agreement provides that it is between Plaintiff and AGUPlus:

> This CAPITAL INFUSION AGREEMENT . . . is made effective this 31st day of December 2018, *by and between AGU PLUS LLC*, a Texas Limited Liability Company . . . *and on the other hand, Hannan Ribiyou Kabushikigaishi*, a Japanese corporation . . . , in relation to capital advances made to AGU PLUS.

ECF No. 119-1 at 2 (emphasis added). A plain reading of the foregoing language indicates that Plaintiff and AGUPlus are the sole parties to the Capital Infusion Agreement. *See URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 764 (Tex. 2018) (stating that courts "interpret contract language according to its 'plain, ordinary, and generally accepted meaning' unless the instrument directs otherwise"). Although Defendant Agu Ramen signed the Capital Infusion Agreement, it did so on behalf of AGUPlus, not as an additional, individual party. The Court thus finds that Defendant Agu Ramen is not a party to the Capital Infusion Agreement such that it has standing to enforce the arbitration provision therein.[4]

The Supreme Court has held, however, "that a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (citing *Arthur Andersen LLP v.*

---

[4] The Court makes no finding as to whether the arbitration provision in the Capital Infusion Agreement constitutes a valid agreement to arbitrate between Plaintiff and AGUPlus.

8

*Carlisle*, 556 U.S. 624, 632 (2009)).  Following principles of contract and agency law, Texas courts have held that "arbitration agreements may bind nonsignatories under any of six theories:  (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary." *Carr v. Main Carr Dev., LLC*, 337 S.W.3d 489, 494 (Tex. App. 2011) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005)).  Defendant Agu Ramen does not establish that any of these six theories applies in this case.  The Court thus finds that Defendant Agu Ramen fails to satisfy its burden to establish that a valid agreement to arbitrate exists between the parties.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY the Motion (ECF No. 119).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 14, 2020.



Kenneth J. Mansfield
United States Magistrate Judge

*Hannan Ribiyou Kabushikigaisha v. Agu Ramen, LLC, et al.*, Civil No. 19-00379 JMS-KJM: Findings and Recommendation to Deny Defendant Agu Ramen, LLC's Motion to Compel Arbitration