GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY          5860-0
JOHNATHAN C. BOLTON        9650-0
CHRISTOPHER P. ST. SURE    10001-0
RACHEL A. ZELMAN           10051-0
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
HANNAN RIBIYOU KABUSHIKIGAISHA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAN RIBIYOU KABUSHIKIGAISHA, individually and on behalf of AGUPLUS, LLC,<br><br>    Plaintiff,<br> vs.<br><br>AGU RAMEN, LLC; HISASHI TEDDY UEHARA; GRANT K. KIDANI; AGU ISENBERG, LLC; AGU EXPRESS, INC.; AGU RAMEN CUPERTINO LLC; ANGEL CAPITAL INC.,<br>    Defendants<br>  and<br><br>AGUPLUS, LLC,<br><br>    Nominal Defendant. | CIVIL NO. 19-00379 JMS-KJM<br><br>MEMORANDUM IN SUPPORT OF MOTION |

8449856.2

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff moves the Court for an order compelling a forensic search of ESI[1] within the control of Defendant GRANT K. KIDANI ("Kidani") and his law firm. The United States Bankruptcy Court for the District of Hawai'i ("Bankruptcy Court") has already ordered a forensic imaging of the servers, computers and electronic devices of Kidani and his law firm based on Rule 2004 Subpoenas in light of Kidani's admission that "[h]e tries to keep space on his drive, so he would delete [emails]." *See* Declaration of Counsel (hereinafter, the "Bolton Decl.") at ¶ 4; *see also* Exhibit "2" at 7:16-17.

While the Bankruptcy Court recognized that "a statement that emails had been deleted, [warrants] some kind of forensic imaging … to see if anything else could be recovered that could potentially lead to relevant information," *id.* at 9:5-8, the scope of discovery in this matter is different from the information sought for the issues pending before the Bankruptcy Court for which a Rule 2004 Subpoena was issued. For this reason, Hannan prays for an order authorizing a search of the forensic image of the servers, computers and electronic devices of

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Kidani and his law firm using terms relevant to the issues in this proceeding. Hannan seeks such an order so that the searches for ESI on Kidani's servers, computers, mobile telephones, and electronic devices for this case can be conducted from the same forensic image as the searches relevant to the Rule 2004 Bankruptcy Court Subpoena.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2019, Plaintiff filed its *Complaint* in this Court alleging that Defendants HISASHI TEDDY UEHARA ("Uehara") and Agu Ramen ("Agu Ramen through their positions as the manager/minority member of AguPlus, LLC ("AguPlus"), unlawfully transferred assets and operations out of AguPlus to Defendant AGU ISENBERG, LLC in violation of their contractual fiduciary duties.  *See Complaint* [Dkt. No. 1].

Following examination of AguPlus' files and electronic records, Plaintiff would go on to discover evidence of a much larger fraudulent scheme than Plaintiff was aware of when it filed the Complaint.  In addition to attempting to steal the Isenberg Restaurant from AguPlus, Hannan learned that Uehara and Kidani set up secretive agreements without the knowledge or consent of Plaintiff, the 90% majority owner of AguPlus, to start competing "AGU a ramen bistro" restaurants using their own corporate entities — Defendant AGU Express, Inc. ("Agu Express"); Defendant ANGEL CAPITAL INC. ("Angel Capital"); and

Defendant AGU CUPERTINO INC. ("Agu Cupertino").  In furtherance of this endeavor, Uehara and Kidani executed documents purporting to transfer AguPlus' intellectual property to Agu Express.  As a result, Plaintiff sought permission from this Court to file a First Amended Complaint naming these additional defendants and asserting new claims based on the misconduct.

On November 15, 2019, this Court entered its *Order Granting Plaintiff Hannan Ribiyou Kabushikigaisha's Motion for Leave to File First Amended Complaint* [Dkt. No. 72].  On November 18, 2019, Plaintiff filed its *First Amended Complaint* [Dkt. No. 73].

On November 29, 2019, AguPlus and its wholly-owned subsidiary company, Agu-V, filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Proceeding").  Following Petitioner's notice of filing bankruptcy, this Court ordered this action stayed.  [Dkt. No. 88].  The Court lifted the bankruptcy stay on May 28, 2020.  [Dkt. No. 94].

On September 9, 2020, Plaintiff served its *First Request for Production of Documents to Defendant Grant K. Kidani* and *First Request for Answers to Interrogatories to Defendant Grant K. Kidani* ("First Request for Production"). *See* [Dkt. No. 133].  After Plaintiff provided Defendant with a brief extension of time to respond, Kidani served his responses on Plaintiff on October 19, 2020 ("Response to First Request for Production").  *See* [Dkt. No. 143].

Upon review of Kidani's production of documents, Plaintiff identified a number of deficiencies, including a paucity of emails and financial correspondence. Based on the inadequate response to discovery requests propounded by Plaintiff, counsel for Hannan requested a "meet-and-confer" with counsel for Kidani on December 2, 2020. *See* Bolton Decl. ¶ 3; *see also* Exhibit "1."

On December 14, 2020, the Bankruptcy Court conducted its initial hearing of Hannan's *Motion For an Order (1) To Show Cause Why Grant K. Kidani And The Kidani Law Firm, ALC Should Not Be Held In Contempt (2) Compelling Production of Document and (3) Awarding Sanctions* (the "Bankruptcy Contempt Motion"). During that initial hearing, counsel for Kidani in the Bankruptcy Court indicated that he had produced all documents in Kidani's possession or control, however "[Kidani] tries to keep space on his drive, so he would delete [emails]." Exhibit "2" at 7:16-17. As a result of Kidani's representations, the Bankruptcy Court indicated that "a statement that emails had been deleted, [warrants] some kind of forensic imaging … to see if anything else could be recovered that could potentially lead to relevant information," *id.* at 9:5-8

On December 18, 2020, Plaintiff's counsel conducted a "meet-and-confer" with counsel representing Kidani in this matter, since all responsive documents had not been produced and because Hannan's counsel had learned of

-4-

the deleted emails. *See* Bolton Decl. at ¶ 5. Kidani's counsel has not communicated anything since that time.

On January 11, 2021, the Bankruptcy Court granted Hannan's request for a forensic imaging of Kidani's electronic server and devices. *Id*. at ¶ 6. Following the submission of draft orders by Hannan and Kidani, the Bankruptcy Court prepared its own form of the Order and invited the parties' comment. *Id.* at ¶ 7; *see also* Exhibit "3."

Following the Bankruptcy Court's ruling, Plaintiff contacted Kidani's counsel an attempt to agree to terms related to the examination of Kidani's Electronically Stored Information ("ESI") in the matter before this Court. *Id.* at ¶ 8; *see also* Exhibit "4." Kidani's counsel has not responded.

### III.  LEGAL STANDARD

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties "may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending litigation."

Courts have long recognized the need for a "litigation hold," noting that "a party has a duty to preserve evidence when it knows or reasonably should know the evidence is potentially relevant to litigation and when the destruction of that evidence prejudices the opposing party." *Maui Elec. Co. v. Chromalloy Gas*

*Turbine LLC*, 2015 WL 12747945, *2 (D. Haw. May 29, 2015) (citing *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).

Courts have found that forensic examinations seeking ESI are appropriate where "serious questions exist both as to the reliability and completeness of materials produced in discovery by [a party] …. [including] evidence that copies of emails were altered at some point in time[.]" *Advante Int'l Corp. v. Mintel Learning Technology*, 2006 WL 3371576, *1 (N.D. Cal. Nov. 21, 2006).

A compelled forensic examination may also be allowed where "computers have a special connection to the lawsuit." *See Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 2014 WL 1338480, *9 (N.D. Cal. Apr. 1, 2014); *see also Playboy Enter's, Inc. v. Welles*, 60 F.Supp.2d 1050, 1051-1054 (S.D. Cal. 1999) (holding that plaintiff was entitled to discovery of deleted emails contained on defendant's computer, reasoning that the information was relevant as "e-mails may provide evidence in support of [Plaintiff's] trademark infringement and dilution claims"). Specifically, where a party's work, "both for [another party] and after [his] termination, was performed using [his] computer, [the party's] computer and/or hard drive(s) likely contain relevant emails between Defendants and Plaintiff, documents supporting or refuting … claims." *Alexis v. Rogers*, 2017 WL 1073404, *5 (S.D. Cal. Mar. 21, 2017).

### IV. KIDANI'S DEFICIENT PRODUCTION OF RELEVANT DOCUMENTS REQUIRES A SEARCH OF THE FORENSIC IMAGE OF KIDANI'S ESI.

As set forth above, Kidani's counsel represented to the Bankruptcy Court that "[Kidani] tries to keep space on his drive, so he would delete [emails]." Exhibit "2" at 7:16-17. Based on the admission that Kidani deleted ESI, Hannan seeks authorization for a search of the forensic image of Kidani's servers, computers, mobile telephones, and electronic devices ordered by the Bankruptcy Court, *see, e.g.*, Exhibit "3," using search terms that are applicable to issues raised in the First Amended Complaint.

### A. The Deleted Documents Are Relevant to this Proceeding.

Kidani's Response to the First Request for Production in this case consisted of 2,286 pages of documents that included declarations and exhibits filed in this proceeding, as well as emails between Uehara and representatives of Hannan. Bolton Decl. at ¶ 9. **Many of the emails that were produced were not true and accurate copies, either because they did not include attachments of the original emails or the headers were altered**. *Id.* at ¶ 10. Alterations to email headers included removing the author, recipients, date, and/or subject of the email. *Id.* The few emails produced that originated from Kidani were emails sent to him from Uehara that Kidani forwarded to his staff. *Id.* Several of the documents, including Kidani's insurance policy, were produced several times. *Id.* at ¶ 11.

-7-

While this reproduction created the illusion of a more fulsome production, it did not provide Hannan with all relevant, discoverable evidence.

Kidani's participation in the efforts to appropriate AguPlus' property, both as a lawyer and officer/director of related entities, highlights the deficiencies in the Response to the First Request for Production. For example, this Court held an Early Settlement Conference on July 19, 2019, at which Kidani provided Hannan with a draft Intent to Purchase Six (6) Agu Ramen Restaurants, dated July 14, 2019 (the "<u>Intent to Purchase</u>"). *Id.* at ¶ 12; *see also* Exhibit "5." Although the Intent to Purchase was signed by the purported purchaser, the Response to the First Request for Production did not provide any additional documents or correspondence related to the negotiation of the agreement. *Id.* at ¶ 13. Assuming *arguendo* that Kidani only preserved documents following the filing of the Complaint on July 12, 2019, Kidani should have suspended his destruction of all records and information relevant to this suit, including drafts or email correspondence related to the Intent to Purchase. *See, e.g., Maui Elec.*, 2015 WL 12747945 at *2.

Hannan has attempted to address Kidani's deficient Response to the First Request for Production, including through discussions with Kidani's counsel in this case. Bolton Decl. at ¶¶ 5, 8. As there is no alternative means of recovering discoverable evidence relevant to this proceeding, Hannan prays for an order

authorizing a search of Kidani's ESI using the forensic image ordered by the Bankruptcy Court using search terms that are applicable to issues raised in the First Amended Complaint.

### B. The Forensic Examination Ordered by the Bankruptcy Court is Inadequate to Cure the Prejudice to Hannan in this Action.

As set forth above, the Bankruptcy Court ordered a search of the forensic image of Kidani's server and electronic devices. *See* Bolton Decl. at ¶ 6; *see also* Exhibit "3." A forensic imaging "is a bit-by-bit, sector-by-sector copy of a physical storage device… including all files, programs, folders and unallocated, free and slack space. A forensic image is an exact copy of computer data without making changes to the original evidence." *U.S. v. Sullivan*, 2020 WL 5351030, *7 n. 2 (D. Haw. Sep. 4, 2020). While the forensic image created by the neutral expert appointed by the Bankruptcy Case will encompass all available ESI, the search ordered by the Bankruptcy Court **is limited to search terms applicable to that proceeding**. *See* Exhibit "3" at p. 9. As the First Amended Complaint addresses **different issues** than the Bankruptcy Proceeding, Hannan requests that this Court order a search of the forensic image using search terms tailored to this action.

The First Amended Complaint seeks relief against seven (7) defendants, including Kidani. While the Bankruptcy Proceeding is intended to

recover property belonging to the estates of AguPlus and Agu-V, the First Amended Complaint seeks relief based upon the misconduct of Kidani and the other defendants.  As an example, the First Amended Complaint alleges that Kidani and the other defendants wrongfully transferred AguPlus' intellectual property through a Trademark Assignment Agreement executed by Uehara on behalf of AguPlus and Kidani on behalf of Defendant Agu Express.  *See* Dkt. No. 73 at ¶¶ 82 – 86.  While the Trademark Assignment Agreement is a component of several claims in the First Amended Complaint, the proposed search terms in the Bankruptcy Proceeding do not include the word "trademark."  *See* Exhibit "3" at p. 9.

    The conduct alleged in the First Amended Complaint in this case also gives rise to a prayer for the expulsion of Agu Ramen from its membership in AguPlus.  [Dkt. No. 73] at ¶¶ 147-50.  While Kidani's ESI may have evidence relevant to this cause of action, an entity's responsibilities under Chapter 428 of the Hawaiʻi Revised Statutes are not within the scope of the Bankruptcy Proceeding and therefore were not included among search terms in the Bankruptcy Court's order, but should be included here.

    While the scope of this lawsuit differs from the Rule 2004 Subpoena in the Bankruptcy Proceedings, this Court need not order an additional forensic imaging to recover relevant evidence withheld by Kidani.  As "[a] forensic image

is an exact copy of computer data without making changes to the original evidence," *Sullivan*, 2020 WL 5351030 at *7 n. 2, search terms applicable to this matter may be applied to the forensic image ordered by the Bankruptcy Court. It is Hannan's hope and intention that the searches for U.S. District Court and U.S. Bankruptcy Court terms can be conducted efficiently and, to the extent possible, simultaneously.

## V.    CONCLUSION

Plaintiff respectfully requests that this Court grant the Motion and issue an order permitting Hannan to run a search of the forensic image of Kidani's servers, computers, mobile telephones and electronic devices ordered by the Bankruptcy Court using search terms relevant to this proceeding.

DATED: Honolulu, Hawaiʻi, February 16, 2021.

/s/ Johnathan C. Bolton
EDMUND K. SAFFERY
JOHNATHAN C. BOLTON
CHRISTOPHER P. ST. SURE
RACHEL A. ZELMAN

Attorneys for Plaintiff
HANNAN RIBIYOU
KABUSHIKIGAISHA

## CERTIFICATE OF COMPLIANCE

I hereby certify compliance with Local Rule 37.1 through my efforts to confer with counsel for Grank K. Kidani, by telephone and email, concerning all disputed issues in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion.

/s/ Johnathan C. Bolton
JOHNATHAN C. BOLTON

8449856.2