CHONG, NISHIMOTO, SIA, NAKAMURA & GOYA
A Limited Liability Law Limited Partnership

ANN H. ARATANI        2766
1003 Bishop Street, Suite 2500
Honolulu, Hawaii  96813
Telephone No.:  (808) 537-6119
Facsimile No.: (808) 526-3491
Email: ann.aratani@hawadvocate.com

Attorney for Defendant
GRANT K. KIDANI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HANNAN RIBIYOU KABUSHIKIGAISHA, individually and on behalf of AGUPLUS, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>AGU RAMEN, LLC; HISASHI TEDDY UEHARA; GRANT K. KIDANI; AGU ISENBERG, LLC; AGU EXPRESS, INC.; AGU RAMEN CUPERTINO LLC; ANGEL CAPITAL INC.,<br><br>   Defendants<br><br> and<br><br>AGUPLUS, LLC,<br><br>   Nominal Defendant. | CIVIL NO. 19-00379 JMS-KJM<br><br>DEFENDANT GRANT K. KIDANI'S **MEMORANDUM IN OPPOSITION** TO PLAINTIFF HANNAN RIBIYOU KABUSHIKAISHA'S MOTION TO COMPEL SEARCH OF FORENSIC IMAGE OF DEFENDANT GRANT K. KIDANI'S ELECTRONICALLY STORED INFORMATION, FILED 02/16/2021; DECLARATION OF ANN H. ARATANI; EXHIBITS 1 - 9; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:  March 15, 2021<br>Time:  9:00 a.m.<br>Judge:  Hon. Kenneth J. Mansfield<br><br>Trial Date:  September 7, 2021<br>Trial Judge:  Hon. J. Michael Seabright |

[2020394#1088646]

DEFENDANT GRANT K. KIDANI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF HANNAN RIBIYOU KABUSHIKIGAISHA'S MOTION TO COMPEL SEARCH OF FORENSIC IMAGE OF DEFENDANT GRANT K. KIDANI'S ELECTRONICALLY STORED INFORMATION

Defendant GRANT K. KIDANI ("Defendant"), by and through his counsel, Chong, Nishimoto, Sia, Nakamura & Goya, LLLP, hereby respectfully submits his Memorandum in Opposition to Plaintiff HANNAN RIBIYOU KABUSHIKIGAISHA's ("Hannan") Motion to Compel Search of Forensic Image of Defendant Grant K. Kidani's Electronically Stored Information filed in the above-captioned matter February 16, 2021 ("Motion to Compel"),.

I. BACKGROUND / FACTS

The United States Bankruptcy Court for the District of Hawai`i has already issued an Order regarding forensic imaging of certain devices of the Kidani Law Firm. *See* Exhibit 1, "Order for Forensic Examination of Certain Devices" signed by United States Bankruptcy Judge Robert J. Faris on February 17, 2021 and filed on February 18, 2021, *In re: AguPlus, LLC*, Case No. 19-01529 (RJF) and *In re: Agu-V, Inc.* Case No. 19-01530 (RJF), United States Bankruptcy Court for the District of Hawai`i (Bankruptcy case). Plaintiff Hannan had filed a similar motion in the United States Bankruptcy Court for the District of Hawai`i, Hannan Ribiyou Kabushikigaisha's Motion for an Order (1) to Show Cause Why Grant K. Kidani and The Kidani Law Firm, ALC Should Not Be Held in Contempt (2) Compelling Production of Documents and (3) Awarding Sanctions on November 9, 2020

2

("Hannan's Bankruptcy Motion to Compel"). *See* Exhibit 2. Hannan's Bankruptcy Motion to Compel was brought pursuant to Rules 26, 33, 37 and 45 of the *Federal Rules of Civil Procedure ("FRCP")*, and various *Federal Rules of Bankruptcy Procedure*. *Id.*

Plaintiff Hannan brought this instant motion pursuant to *FRCP* Rules 7, 26, and 34 *FRCP* and L.R. 26.2 and 37.1. Based upon understanding and belief, the documents produced by Kidani pursuant to a Debtors' subpoena in the Bankruptcy case were also produced by Defendant Kidani in response to Plaintiff Hannan's request for production of documents this instant civil case. *See* Declaration of Ann H. Aratani.

The dispute over the scope of a third-party IT company's search for terms within the electronic files of Defendant Kidani was fully briefed in Bankruptcy Court. Kidani filed a Memorandum in Opposition to Hannan's Bankruptcy Motion to Compel on November 30, 2020. *See* Exhibit 3. Hannan filed a Reply Memorandum in the Bankruptcy cases on December 7, 2020. *See* Exhibit 4.

As the Bankruptcy Order reflects, Judge Faris held hearings on Hannan's Bankruptcy Motion to Compel on December 14, 2020, and January 11, 2021. *See* Exhibit 1. After the initial hearing, Hannan filed its Supplemental Memorandum in Support of its Bankruptcy Motion to Compel on January 7, 2021 (27 pages). *See* Exhibit 5.

Plaintiff Hannan's counsel contacted Defendant Kidani's counsel in the instant civil case relating that Judge Faris had granted Hannan's Bankruptcy Motion to Compel. *See* Exhibit 6, Email from Johnathan Bolton to Defendant Kidani's attorney and copied to Kidani's attorney in the Bankruptcy cases, dated January 11, 2021; Declaration of Ann H. Aratani. However, counsel for Defendant Kidani was informed by Kidani's Bankruptcy attorney that he did not recall the Judge granting the motion, yet. *See* Declaration of Ann H. Aratani. Based upon information and belief, there reportedly were still disputes over the procedures to be followed by an IT company, concerns over protecting the electronic files of Kidani's other client files and their respective attorney-client privileged communications, and the scope of the search of the electronic files. *Id.*

Subsequently Kidani filed his Supplemental Memorandum in Opposition to Hannan's Bankruptcy Motion to Compel on February 1, 2021. *See* Exhibit 7.

Both Hannan and Kidani submitted letters to Judge Faris on February 11, 2021, with their respective proposed Orders regarding an independent IT forensic company retrieving information from Kidani's server and electronic devices and the proposed scope of the searches. *See* Exhibit 8, Hannan's counsel letter to Judge Faris; and *See* Exhibit 9, Kidani's counsel's letter to Judge Faris.

Judge Faris' "Order for Forensic Examination of Certain Devices" was filed on February 18, 2021. *See* Exhibit 1.

II. <u>ARGUMENT</u>

Hannan and Kidani are already bound by Judge Faris' Order in the Bankruptcy case addressing this discovery issue, and Hannan's Motion to Compel in this civil case is moot. The same counsel represents Plaintiff Hannan in this instant civil case and Creditor Hannan Ribiyou Kabushikigaisha in the Bankruptcy case. Plaintiff Hannan filed the instant civil motion on February 16, 2021. Two days later or on February 18, 2021, Judge Faris issued his ruling on Creditor Hannan's Bankruptcy Motion to Compel. *See* Exh. 1, Bankruptcy Order.

Judge Faris' Order, Exhibit "A" set forth the following search "Terms to be Applied by Forensic Expert":

- "Agu Express"
- "Agu Ramen"
- "AguPlus"
- "AGX"
- "Ala Moana"
- "Angel Capital"
- "Bill Grant"
- "Capital Infusion"
- "Clyde Ulep"
- "Dunbrook Springs"
- "Finance Factors"
- "H2O USA"
- "Kala Holding"
- "Press Corp!"
- "Robert Tambis"
- "Tanaka Holdings"

5

- Agu!
- Arisa
- Ayala
- Daejun
- Delet!
- Hamaya
- Hannan
- Hisashi
- Isenberg
- Iyo
- Kawamoto
- Rika
- Uehara
- Vu
- Waggett
- Yagi
- Yoneya
- 김대준

Plaintiff Hannan's Motion to Compel in this instant civil case seeks to enlarge the electronic search of information beyond the scope permitted by Judge Faris' Order.  First, Plaintiff Hannan argues that the instant "First Amended Complaint alleges Kidani and other defendants wrongfully transferred AguPlus' intellectual property through a Trademark Assignment Agreement executed by Uehara on behalf of AguPlus and Kidani on behalf of Defendant Agu Express," and the Bankruptcy search terms do not include the word "trademark."  See Plaintiff's Motion to Compel, p. 11 of 13.  However, the Bankruptcy search terms already include: "AguPlus", "Agu Express", "AGX", "Uehara", and "Hisashi", and should pick up documents related to an agreement among these entities.

Second, Plaintiff Hannan argues that the "conduct alleged in the First Amended Complaint in this case also gives rise to a prayer for the expulsion of Agu Ramen from its membership in AguPlus," and an "entity's responsibilities under Chapter 428 of the Hawai`i Revised Statutes are not within the scope of the Bankruptcy Proceeding." However, the Bankruptcy search terms already include: "Agu Ramen" and "AguPlus", and should pick up documents related to these entities.

The doctrine of collateral estoppel or issue preclusion "bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." *Ross v. International Brotherhood of Electrical Workers*, 634 F.2d 453, 457 n. 6 (9th Cir. 1980). The Ninth Circuit Court has recognized in pertinent part:

> Collateral estoppel is appropriate when the following elements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action. In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000).

*Rein v. Providian Financial Corp.*, 252 F.3d 1095, 1099 (9th Cir. 2001)

This issue of compelling a forensic search of Defendant Kidani's electronically stored information was extensively briefed by both Hannan and Kidani. *See* Exhibit 2, Hannan's Bankruptcy Motion to Compel filed on November

7

9, 2020 (31 pages);  Exhibit 3, Kidani's Memorandum in Opposition filed November 30, 2020  (50 pages);  Exhibit 4, Hannan's Reply filed on December 7, 2020 (79 pages);  Exhibit 5, Hannan's Supplemental Memorandum filed on January 7, 2021 (27 pages);  Exhibit 7, Kidani's Supplemental Memorandum filed on February 1, 2021 (40 pages);  Exhibit 8, Hannan's letter to Judge Faris on February 11, 2021 re proposed Order (43 pages); and Exhibit 9, Kidani's letter to Judge Faris on February 11, 2021 re proposed Order (46 pages).

Bankruptcy Judge Faris' Order [Exhibit 1] is binding upon Hannan and Kidani, and Hannan should not be permitted to re-litigate this issue of the forensic search of Kidani's electronic records in this Court.

III.   CONCLUSION

Based upon all of the above, Defendant Kidani respectfully requests Plaintiff Hanna's instant Motion to Compel be denied, and Defendant Kidani be awarded his reasonable attorneys' fees and costs.

DATED:  Honolulu, Hawai`i, March 2, 2021.

/s/ Ann H. Aratani
ANN H ARATANI
Attorney for Defendant
GRANT K. KIDANI